Filed: 10/1/2018 2:13 PM
Lynne Finley
District Clerk
Collin County, Texas
By Brittany Tucker Deputy
Envelope ID: 27931284

CAUSE NO. 401-05125-2018 _____

| | | |
|---|---|---|
| TRENTON C. RAY, | § § § | IN THE _____ JUDICIAL |
| PLAINTIFF, | § § | |
| V. | § § | |
| 50 STARS TRANSPORT, INC.; | § § | DISTRICT COURT OF |
| ANTHONY FIORENTINO; | § § § | |
| AND, | § § | |
| KNS LOGISTICS, INC.; | § § | |
| DEFENDANTS. | § § | COLLIN COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION
AND
REQUESTS FOR DISCLOSURES**

TO THE HONORABLE JUDGE OF THIS JUDICIAL DISTRICT COURT:

NOW COMES Plaintiff Trenton C. Ray, and files this *Original Petition* complaining of Defendant 50 Stars Transport, Inc.; its driver, Defendant Anthony Fiorentino; and the owner of the tractor-trailer driven, Defendant KNS Logistics, Inc.

## I.
## TRCP 47 & TRCP 190.4

1. Pursuant to TRCP 47, Plaintiff affirmatively pleads that he seeks monetary relief in excess of $1,000,000.

2. A Level 3 *Scheduling Order* pursuant to TRCP 190.4 is requested.

## II.
## PARTIES & POTENTIAL PARTIES

**A.    The Plaintiff:**

1.    **Plaintiff Trenton C. Ray** is an individual, a resident of this county, and may be contacted though the undersigned counsel.

**B.    The Defendants:**

2.    **Defendant 50 Stars Transport, Inc.** (hereinafter "Defendant 50 Stars") (possible DOT No. 2550723), is an out-of-state business with a physical address in Dayton, Ohio, and a mailing address is Scranton, Pennsylvania.  Anticipated litigation counsel are Randall Walters and Grant Thornhill of WALTERS, BALIDO & CRAIN.  **Defendant 50 Stars** may be served through its President:

> **Nariman Kerimoglu**
> **2312 Far Hills Ave.**
> **Oakwood, OH 45419-1512**

3.    **Defendant Anthony Fiorentino** is an individual and a resident of Lancaster, Pennsylvania.  Anticipated litigation counsel are Randall Walters and Grant Thornhill of WALTERS, BALIDO & CRAIN.  Defendant Fiorentino may be served at his place of residence:

> **Anthony Fiorentino**
> **14 Dylan Lane**
> **Lancaster, Pennsylvania 17603**

4. **Defendant KNS Logistics, Inc.** (hereinafter "Defendant KNS Logistics") (possible DOT No. 2301192), is an out-of-state business domiciled in Scranton, Pennsylvania. Anticipated litigation counsel are Randall Walters and Grant Thornhill of WALTERS, BALIDO & CRAIN. **Defendant KNS Logistics** may be served through its owner:

> **Mustafa Kurbanov**
> **739 Hemlock Street**
> **Scranton, PA 18505-2094**

C. **The Potential Parties:**

5. Nariman Kerimoglu is a potential defendant and understood to be the President of Defendant 50 Stars.

6. Nariman Karimov is a potential defendant, may be the same person as Nariman Kerimoglu, and is understood to be the owner of Defendant KNS Logistics, Inc.

7. Yusuf Express, Inc., is a potential defendant, and its business relationship with United Financial Casualty Company was cancelled soon after an involuntary revocation of its common carrier authority in 2016.

8. KNA Transportation, Inc., is a potential defendant, and has an ongoing business relationship with United Financial Casualty Company. (Distinctions, if any, between KNA Logistics, Inc.; KNS Logistics, Inc.; KNA Transportation, Inc.; and KNS Transportation, Inc., are not yet known.)

9. Elizabeth Aponte, d/b/a KNA Trucking, is a potential defendant and her business relationship with United Financial Casualty Company was cancelled soon after an

involuntary revocation of her common carrier authority in 2012.

10. KNS Transport, L.L.C., is a potential defendant and its business relationship with United Financial Casualty Company was cancelled soon after an involuntary revocation of its common carrier authority in 2015, and then the relationship resumed in 2016 after reinstatement.

11. Mustafa Kurbanov is a potential defendant and is understood to be a principal of Defendant KNS Logistics.

12. United Financial Casualty Company is a potential defendant, as are Progressive Corp., and its related entities and subsidiaries to include Progressive Preferred Insurance, Co., and Drive Insurance Holdings, Inc., Progressive Commercial Holdings, Inc., and Progressive Commercial Casualty Company.

13. The insurance brokers are potential defendants.

### III.
### VENUE AND JURISDICTION

1. Venue is proper in Collin County pursuant to § 15.001, *et seq.*, of the TEXAS CIVIL PRACTICE & REMEDIES CODE. The collisions at issue occurred here. § 15.00(a)(1).

2. Jurisdiction is proper because the amount in controversy exceeds the minimum jurisdictional limits of this Court. Additionally, the Court has jurisdiction over the parties because all Defendants are either Texas residents or non-residents who have purposefully availed themselves of the privileges and benefits of conducting business in Texas, and/or committed a tort, which is the subject of this lawsuit, in whole or in part in Texas.

## IV.
## FACTS

1.   Defendant Fiorentino negligently rear-ended Plaintiff and others when they were stopped in traffic on the morning of July 11, 2017.

2.   Defendant Fiorentino was driving an 18-wheeler car-hauler at the time.

3.   The 18-wheeler that Defendant Fiorentino was driving was displaying the DOT number of Defendant 50 Stars.

4.   The car-hauler is purported to have been owned by Defendant KNS Logistics. Interstate operating authority of Defendant KNS Logistics is doubtful. Defendant Fiorentino has stated that Defendant 50 Stars and Defendant KNS Logistics were "the same thing."

## V.
## CAUSES OF ACTION

1.   The Defendants are liable to Plaintiff through causes of action to include negligence, negligent undertaking, and negligence *per se*.

2.   The Defendants are vicariously liable for all damages caused by their driver, as he was acting within the course and scope of his employment/agency relationship with the Defendants.

3.   Plaintiff would show the Court that Defendants' acts and omissions, separately and collectively, were a direct and proximate cause of the incident in question, the resulting injuries suffered by Plaintiff and damages sustained by Plaintiff. Defendants' acts and omissions constitute a breach of their duty of care which proximately caused injury and damages to

Plaintiff, making Defendants liable to Plaintiff in negligence, negligence *per se*, and gross negligence.

4. The Defendants are liable via negligent hiring, retention, and supervision; negligent entrustment; and for the failure to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe.

5. Plaintiff will show that the acts and omissions of the Defendants, separately and collectively, constitute gross negligence. Defendants acted with willful, wanton disregard both before, and at the time of, the incident in question. Given the extreme degree of risk of potential harm to others, Defendants proceeded with the acts and omissions described above, with conscious indifference to the rights, safety or welfare of others, including Plaintiff. Accordingly, Plaintiff seek awards of exemplary damages.

## VI.
### DAMAGES

1. As a result of the incident described herein, Plaintiff incurred medical expenses in the past and Plaintiff's medical expenses will continue in the future.

2. As a result of the incident described herein, Plaintiff incurred pain and suffering in the past and Plaintiff's pain and suffering will continue in the future.

3. As a result of the incident described herein, Plaintiff incurred mental anguish in the past and Plaintiff's mental anguish will continue in the future.

4. As a result of the incident described herein, Plaintiff incurred physical impairment in the past and Plaintiff's physical impairment may continue in the future.

5. As a result of the incident described herein, Plaintiff incurred physical disfigurement in the past and Plaintiff's physical disfigurement will continue in the future.

6. As a result of the incident described herein, Plaintiff incurred lost earnings and earning capacity in the past and Plaintiff's lost earnings and earning capacity will continue in the future.

7. Plaintiff requests an amount of exemplary damages to be determined by the Jury, and request an award of same as to each Defendant, individually and jointly to the extent any Defendant is responsible for the exemplary damages awarded against another Defendant under Texas law.

## VII.
### CLAIM FOR PREJUDGMENT AND POST-JUDGMENT INTEREST

1. Plaintiff seeks interest in accordance with TEXAS FINANCE CODE § 304.001, *et seq.*

## VIII.
### REQUESTS FOR DISCLOSURE

1. Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are requested to disclose and produce to Plaintiff, within 50 days of service of this request, the information and materials described in Rule 194.2, through his attorneys at Lenahan Law, P.L.L.C., 2655 Villa Creek, Suite 204, Dallas, Texas 75234, during normal business hours.

2. It is expressly requested that the Defendants' Disclosures provide copies of any excess or umbrella policies that might apply.

## IX.
## PRAYER

WHEREFORE, Plaintiff prays that, upon final trial, Plaintiff have *Judgment* against Defendants for their actual and punitive damages, for costs of suit, pre-judgment and post-judgment interest, and for such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

Marc C. Lenahan
State Bar No. 24007546
Law@LenahanLaw.com
Thomas B. Cowart
State Bar No. 00787295
Tom@LenahanLaw.com
LENAHAN LAW, P.L.L.C.
2655 Villa Creek, Suite 204
Dallas, Texas 75234
214.295.1008
214.295.2664 fax

COUNSEL FOR PLAINTIFF